IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
May 21, 2019

## ROCKY McELHANEY ET AL. v. HUGHES & COLEMAN PLLC ET AL.

Appeal from the Chancery Court for Wilson County
No. 2017-CV-185   Charles K. Smith, Chancellor

_____

No. M2019-00124-COA-R3-CV

_____

The defendants have appealed from the trial court's rulings granting the plaintiffs a partial summary judgment and directing the entry of a final judgment under Tennessee Rule of Civil Procedure 54.02. Because the order appealed was not properly entered under Tennessee Rule of Civil Procedure 58 and because the order is not appropriate for certification as final under Tennessee Rule of Civil Procedure 54.02, we dismiss the appeal.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed**

FRANK G. CLEMENT, JR., P.J., M.S., ANDY D. BENNETT, and W. NEAL MCBRAYER, JJ.

William Taylor Ramsey, Nashville, Tennessee, for the appellants, Hughes & Coleman, Joseph Marshall Hughes, Lee Lawrence Coleman, and Thomas R Lewis.

Lindsey Leigh Lawrence, Mount Juliet, Tennessee, for the appellants, Clixsy, LLC, and Richard Corey Vandenberg.

Larry R. McElhaney, II, Hendersonville, Tennessee, for the appellees, Larry R. McElhaney, II, and Rocky McElhaney Law Firm, P.C.

**MEMORANDUM OPINION**[1]

This appeal involves a dispute between two law firms over an internet marketing campaign. On August 24, 2018, the trial court granted the plaintiffs, Larry R. McElhaney, II, and the Rocky McElhaney Law Firm, P.C., a partial summary judgment on the issues of liability under the Tennessee Personal Rights Protection Act and agency. The defendants, Hughes & Coleman, Joseph Marshall Hughes, Lee Lawrence Coleman, Thomas R. Lewis, Clixsy, LLC, and Richard Corey Vandenberg, filed a motion to revise or alter or amend the partial summary judgment. On January 4, 2019, the trial court denied the defendants' motion to revise or alter or amend. The trial court also determined that there was no just reason for delay and directed the entry of a final judgment under Tennessee Rule of Civil Procedure 54.02 as to the issues decided in the January 4, 2019 order. On January 17, 2019, the defendants filed their notice of appeal.

After reviewing the record, this court determined that the order appealed from did not comply with Tennessee Rules of Civil Procedure 58 or 54.02. Thus, on April 26, 2019, the court ordered the parties to show cause within fourteen days why the appeal should not be dismissed without prejudice to the filing of a new appeal once the trial court has entered a final judgment that disposes of all the claims between all the parties. The parties did not respond to this court's order.

Under Tennessee Rule of Civil Procedure 58, to be effectively entered, a judgment must contain, in addition to the judge's signature, either 1) the signatures of all parties or counsel, 2) the signature of one party or counsel with a certificate of the party or counsel that a copy of the proposed order has been served on all other parties or counsel, or 3) a certificate of the clerk that a copy has been served on all other parties or counsel. Tenn. R. Civ. P. 58. The trial court's handwritten January 4, 2019 order contains neither a certificate of service nor the signatures of counsel. It also appears that the trial judge's signature is dated after the date the order was marked filed for entry. Thus, the order was not properly entered under Tennessee Rule of Civil Procedure 58.

If the failure to comply with Tennessee Rule of Civil Procedure 58 were the only concern, we could allow the parties to remedy the mistake, and the appeal could proceed. However, we have also determined that the January 4, 2019 order is not appropriate for certification as final under Tennessee Rule of Civil Procedure 54.02.

---

[1] Under the rules of this Court, memorandum opinions may not be published, "cited[,] or relied on for any reason in any unrelated case." Tenn. Ct. App. R. 10.

A party is generally entitled to an appeal as of right only after the trial court has entered a final judgment that resolves all the claims between all the parties, leaving nothing else for the trial court to do. Tenn. R. App. P. 3(a); *In re Estate of Henderson*, 121 S.W.3d 643, 645 (Tenn. 2003); *State ex rel. McAllister v. Goode*, 968 S.W.2d 834, 840 (Tenn. Ct. App. 1997). The trial court may also direct the entry of a final judgment "as to one or more but fewer than all of the claims or parties" under Tennessee Rule of Civil Procedure 54.02. However, the trial court's authority to direct the entry of a final judgment is not absolute. *Crane v. Sullivan*, No. 01-A-01-9207-CH-00287, 1993 WL 15154, at *1 (Tenn. Ct. App. Jan. 27, 1993). First, Tennessee Rule of Civil Procedure 54.02 requires that the order certified as final actually adjudicate one or more of the claims or the rights and liabilities of at least one of the parties. *Bayberry Assocs. v. Jones*, 783 S.W.2d 553, 557 (Tenn. 1990). Second, the trial court must determine that there is "no just reason for delay." Tenn. R. App. P. 54.02.

The determination of whether an order disposes of a separable claim is a question of law reviewed de novo. *Brown v. John Roebuck & Assocs., Inc.*, No. M2008-02619-COA-R3-CV, 2009 WL 4878621, at *5 (Tenn. Ct. App. Dec. 16, 2009). A "claim" for the purposes of Tennessee Rule of Civil Procedure 54.02 is defined as the "aggregate of operative facts which give[s] rise to a right enforceable in the courts." *Carr v. Valinezhad*, No. M2009-00634-COA-R3-CV, 2010 WL 1633467 at *2 (Tenn. Ct. App. Apr. 22, 2010) (citations omitted). Alternate theories in pursuit of one recovery do not constitute separate claims. *Paul v. Watson*, No. W2011-00687-COA-R3-CV, 2012 WL 344705, at *4 (Tenn. Ct. App. Feb. 2, 2012). Likewise, a complaint seeking multiple remedies for the alleged violation of a single right states only a single claim for relief. *Coleman v. Tenn. Bd. of Parole*, 2016 WL 6248027, at *5.

Here, the trial court has ruled only on the issues of liability under the Tennessee Personal Rights Protection Act and agency. It has not determined the amount of damages owed under the Tennessee Personal Rights Protection Act or addressed the plaintiffs' other causes of action, including violation of the Tennessee Consumer Protection Act, arising out of the same operative facts. Thus, the trial court's ruling is not "dispositive of an entire claim or party." *Bayberry Assocs.*, 783 S.W.2d at 558.

> If the trial court certifies a judgment as final, but it is not conclusive as to an entire claim or party, an appeal from it will be dismissed even though the trial court decided to treat the order as final. Without a final adjudication of at least one claim, Rule 54.02 is simply inapplicable.

*Coleman v. Tenn. Bd. of Parole*, No. M2016-00410-COA-R3-CV, 2016 WL 6248027, at *4 (Tenn. Ct. App. Oct. 25, 2016) (citation omitted).

Because the order does not dispose of one or more claims, we need not address the trial court's finding of "no just reason for delay." *Carr*, 2010 WL 1633467 at *2. We

note, however, that piecemeal litigation is disfavored in Tennessee. Judicial economy favors having all issues reviewed in a single appeal, and we see no reason why an appeal in this case should not await the resolution of all issues.

The appeal is hereby dismissed without prejudice to the filing of a new appeal once the trial court has entered a final judgment that disposes of all the claims between all the parties. The case is remanded to the trial court for further proceedings consistent with this opinion.

PER CURIAM